**HEDGES** and wife *against* **RIKER** and others.

A devise to executors in trust for *C.*, for life, and if she died without issue, then in remainder over, with power to the executors " to sell and dispose of so much of the real estate, as should be necessary to fulfil the will," is sufficient to authorize the executors, (the persons in remainder being infants,) to execute leases for years, of the real estate, for such terms, and upon such conditions, as were reasonable and necessary to carry into effect the intentions of the testator, expressed in the will.

But without resorting to such a power, as necessarily implied by the words of the will, this Court, having a general jurisdiction over the property of infants, may authorize the executors to make such leases, with consent of the tenant for life, for the term of twenty-one years, or building leases, as they should deem most beneficial to the interest of the tenant for life, and those entitled to the reversion or remainder in fee.

*MARY M'CREA*, a widow, by her last will, dated *March* 8th, 1817, devised and bequeathed to her executors, therein named, in trust, for the sole benefit and use of her daughter *Catharine*, now the wife of the plaintiff *Hedges*, the whole income, rents, issues, and profits of all her estate, real and personal, whatsoever and wheresoever, subject to the payment of the legacies, and dispositions, in her said will afterwards mentioned. And she directed her executors to pay over to her said daughter, the whole of the said income, rents, issues, and profits of her estate, excepting so much as might be necessary to pay the annual taxes and other incidental charges, during her natural life, for her proper use and benefit, and that of her child or children, if any she should have; and after her death, to her child or children; if but one child, solely, if more than one, in equal proportions, in fee. And in case the said daughter of the testatrix should die without leaving issue, then the whole estate, subject as aforesaid, was to be divided by her said executors in-

*February* 14.

to twenty equal shares, in the manner directed by the will, one of which shares was devised in fee to her sister; and the other shares were in like manner to be distributed by the executors, according to the directions of the will. The defendants, *R. Riker*, *John Beekman*, and *William B. Crosby*, were appointed executors, and the testatrix gave them; and the survivors of them, full power " to sell and dispose of so much of her real estate, as might be necessary to fulfil her said last will and testament, and as might be necessary to pay any assessments or regulations which might be made respecting the said estate." The testatrix died *March* 22, 1817, and the defendants took upon themselves the execution of her will. Her daughter, *Catharine*, who is her only child, and about thirty-four years of age, soon after the death of her mother, married the plaintiff *H.*, and the plaintiffs have two infant children, of very tender age. Most of the persons named in the will, to ta k e remainder, are infants. The bill stated, that a very considerable portion of the real estate so devised consisted of vacant lots of land in the city of *New-York*, which were wholly unproductive. That the plaintiffs are not in a situation to improve those lots in a proper and advantageous manner; and that advantageous leases of them cannot be made for the life of Mrs. *Hedges*, as few, if any, persons are willing to take leases for a term so precarious and uncertain; and that the plaintiffs, without the authority and consent of the executors, could not enter into covenants to pay for improvements, or any other special covenants. That great charges and expenses, arising from public taxes and from assessments for public streets, and improvements making near the premises, are continually accruing; and the plaintiffs have very slender means to pay the same, maintain themselves and family, and educate their children, except from the premises, whereby the intention of the testatrix towards her daughter, expressed in her will, will be defeated, unless the executors should consent, or be directed

by this Court, to demise the said lots for a term of twenty-one years, or some other fit and proper term, so as to enable the lessees to make permanent improvements, and thereby induce them to pay an adequate and more advantageous rent. That the executors, though desirous of fulfilling the trusts reposed in them, do not conceive themselves authorized, and, therefore, decline to make any lease or leases of the premises, except for the life of Mrs. *H.*, unless under the direction and indemnity of this Court; alleging that the several persons named in remainder have contingent estates and interests, which may be affected by leases for a term of years, in case of the death of Mrs. *H.*, before the expiration of the terms of such leases. The bill *prayed*, that the executors might be decreed to make, with the consent of the plaintiffs, leases of the vacant lots, for the term of twenty-one years, reserving annual rents, upon condition that the lessees erect fit, convenient, and permanent buildings, and make lasting improvements on the lots, to be appraised and paid for at the expiration of the leases, by the persons who shall, at the time, be seized of the lots in fee, or that the leases be renewed and extended for a further term of twenty-one years, at their option, &c.

The defendants, being infants, answered by their guardians, and submitted their rights and interests to the protection and judgment of the Court. The executors admitted the facts stated in the bill, and submitted themselves to the direction of the Court.

*T. A. Emmet*, for the plaintiffs.

*J. L. Riker*, for the defendants.

THE CHANCELLOR. The will of *Mary M'Crea* bequeaths and devises to her executors in trust, for the use and benefit of her only child, the present plaintiff *Mrs. Hedges*, the

1821.

HEDGES
v.
RIKER.

whole income, rents, issues, and profits of her estate, real and personal, during her natural life, for her use and that of her children, and after her death to her children ; and if she should die without issue, then the remainder over to be distributed according to the directions of the will. She then gives to her executors " full power and authority to sell and dispose of so much of the real estate as may be necessary to fulfil the will."

The bill states, that Mrs. *Hedges* has infant children living, and that a very considerable portion of the real estate consists of vacant lots in the city of *New-York*, which are wholly unproductive ; that she and her husband are not in circumstances to improve the vacant lots in a fit and proper manner, and that advantageous leases of the lots cannot be made by executors, for so precarious and uncertain a term as her life ; that great charges and expenses, arising from public taxes, and for assessments for public streets and improvements making near the said untenanted and unproductive lots, are continually accruing on account of said lots, which the plaintiffs have very slender means to pay, and to maintain themselves and their family ; that the benevolent intentions of the testator will be defeated unless the executors are enabled to lease the same for the term of twenty-one years, or for some other fit and proper term of years, so as to enable the lessees to make proper and permanent improvements, yielding a reasonable rent. That the interest of the defendants is only a remote contingent remainder. The bill accordingly prays, that the executors may be enabled, with the consent of the plaintiffs, to lease the said vacant lots, for a term of years certain, not exceeding twenty-one years, reserving an annual rent, and that the lessees should be enabled to erect suitable buildings, and make other fit and convenient improvements, and upon agreement with the executors, that, at the expiration of the leases, the buildings to be erected thereon, should be valued by indifferent persons to be appointed by the Court, and the valuations

to be paid to the tenants or their assigns or lawful represen-
tatives, by the person or persons entitled to the life estate in
the premises, or by the persons then seized of the same in fee,
or that the leases shall be renewed and extended for the fur-
ther term of twenty one years, at the option of the persons
entitled to the life estate, or the estate in fee therein, as the
case may admit.

The defendants, who are infants, by their answers submit
themselves and their rights to the judgment and protection
of the Court. The executors admit the facts charged in the
bill, and state that the vacant lots are forty-one in number,
and that unless they are authorized to make long leases with
covenants to pay for improvements, the lots will be wholly
unproductive, and they submit themselves, also, to the judg-
ment and protection of the Court.

I am induced to think, that the words in the will giving
to the executors power " to sell and dispose of so much of the
real estate, as should be necessary to fulfil the will," will au-
thorize them to dispose of the vacant lots, by lease, accord-
ing to the prayer of the bill, inasmuch as such a disposition
is requisite to carry into effect the intentions of the will. A
devise to the wife for life, with power to *dispose* of the estate,
to the children, was held in *Liefe* v. *Saltingstone.* (1 *Mod.*
139.) to give a power to sell in fee, if the necessities of the
daughter and her children should require it ; and the great-
er power includes the less, and will authorize, in a case of
the like necessity, a more confined and limited exercise of
the power. A lease for years is still a disposition of the es-
tate, within the terms of the power ; and without resorting
to the power, the general jurisdiction of the Court, over the
property of infants, is adequate to confer the authority.
The Court stands, as Lord *Nottingham* observed, *in loco
parentis*; and it is understood to be clearly settled, (3
*Johns. Ch. Rep.* 370.) that the Court may change the estate
of infants from real into personal, and from personal into
real, whenever it deems such a proceeding most beneficial

to the infant.   It was declared by the Lords Commissioners, in *Cecil* v. *Earl of Salisbury,* (2 *Vern.* 224.) that the Court had often decreed building leases, for sixty years, of infants' estates, when for their benefit.

I shall, accordingly, declare, that the interest of the plaintiffs and their issue, and the intentions of the will require, that the vacant lots in the pleadings mentioned should be leased in the manner mentioned in the bill; and that the lots could be thereby greatly and permanently increased in value, to the benefit not only of the plaintiff Mrs. *Hedges* and her children, but to the benefit of those defendants, who have a contingent remainder therein ; and I shall order, that the executors and the survivors, and last survivor of them, whenever fit and proper opportunities shall offer, may, with the approbation and consent of the plaintiffs, cause the said vacant lots, and any, or all of them, to be leased for a term of years, not exceeding twenty-one years, reserving an annual rent, in and by such leases, and with permission contained therein, to allow the lessees to erect suitable buildings, and to make other fit and convenient improvements, as shall be agreed on, between them and the executors, and survivors, or survivor of them, and upon the further agreement, at the expiration of the leases, the buildings, to be erected thereon, shall be appraised by one or more persons, to be agreed upon by parties, then having the interest therein, or to be appointed under the direction of the Court, and the valuations paid to the tenants, or their lawful representatives, by the persons then entitled to the reversion, or upon such other terms, or conditions, as shall be agreed on, and deemed by the executors beneficial to the interest of the plaintiffs, and those entitled to the reversion, or remainder in fee.   And further, that the costs of this suit be paid out of the trust estate aforesaid.

A difficulty has been suggested, as to infants who may be born after the decree, and how they are to be bound.   To meet it, liberty may be reserved in the decree, if the parties

please, to file one or more supplemental bills, from time to time, as new parties may arise, or become interested, so as to enable the tenants to become parties, and to make any infants that may be hereafter born also parties, should the course of events render any such measures necessary. This liberty is granted without giving any opinion as to its necessity, or without expressing any intimation, that the leases granted under the authority of this decree, would not be valid against any subsequently born issue.

Decree accordingly.