(21 App. Div. 183.)

MORAN v. JAMES.

(Supreme Court, Appellate Division, Second Department. October 12, 1897.)

1. INFANTS—EXCHANGE OF PROPERTY.

Code Civ. Proc. § 2348, authorizing in certain cases the sale, conveyance, mortgage, release, or lease of real property belonging to an infant, does not authorize an exchange.

2. SAME—JUDICIAL SALES—CONDITIONS.

Defendants A., E., and N. owned premises on Herkimer street. N. was an infant, her share was an undivided third part, and A. was her special guardian. A plan was arranged to transfer this property in exchange for premises of V. on Degraw street, and to also give V. a mortgage for $1,000 on the latter property. In a proceeding in the county court, leave was granted to N., by special guardian, to unite in the exchange and in the bond for $1,000 and in the mortgage, and the transaction was carried out. In an action by an assignee of the mortgage to foreclose it, judgment was granted against A. and E., but the complaint was dismissed as to N. *Held*, that the judgment should be so modified as to direct the entire estate in the Degraw street property to be sold, without prejudice to the right of the infant to assert the invalidity of the conveyance of her estate in the Herkimer street property, and declaring the bond void as against her.

Appeal from special term, Kings county.

Action by John J. Moran against Nina E. James and others. From so much of the judgment entered on a decision of the court as dismissed the complaint as to defendant James, plaintiff appeals. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward J. Dooley, for appellant.
E. D. Benedict, for respondent.

BRADLEY, J. The action was brought to foreclose a mortgage made upon certain premises situate in the city of Brooklyn, and here designated as the "Degraw Street Property." The mortgage was made by the defendants Albert E. James and Edward R. James, and by Albert E. James as special guardian of the defendant Nina E. James, an infant, to secure the payment of a bond executed in like manner by and on behalf of the defendants. This bond and mortgage were so made to secure the payment of the amount which the defendants undertook to pay to Lester and Alphonse Van Ness in the exchange with them of certain premises situate in that city, and designated as the "Herkimer Street Property," together with $100 in addition to the amount which the defendants James undertook to pay as the difference in such exchange. The infant defendant, Nina E. James, had title to an undivided third part of the Herkimer street property, as tenant in common with the other defendants James. In contemplation of exchanging that property with the Messrs. Van Ness for the Degraw street property, and paying them $1,000 as the difference in the estimated value, proceedings were instituted in the county court of Kings county, by petition, for leave of the infant defendant, Nina E. James, by special guardian, to unite with the other defendants James in making the conveyance and exchange of their Herkimer street property for the Degraw street property, and

in the bond secured by mortgage upon the latter for the amount of such difference, also to join with them in the mortgage. The proceeding resulted in such leave and its execution in behalf of the infant defendant by her special guardian, appointed by the court. The consummation of the transaction was there confirmed, and was effectual if it was within the power of the county court to grant the leave sought and obtained in such proceeding.

The view of the trial court was that the county court exceeded its power in granting it. In that conclusion we think the trial court was right. The county court had no power in the matter other than that given by the statute. Rogers v. Dill, 6 Hill, 415; Ellwood v. Northrup, 106 N. Y. 172, 12 N. E. 590. The statute provides that, in the cases there mentioned, real property or an estate therein belonging to an infant "may be sold, conveyed, mortgaged, released or leased" in the manner prescribed. Code Civ. Proc. § 2348. It is true that the statute does not in terms limit the nature of the consideration for which the sale of the real estate of an infant may be made. But, while a conveyance made in consideration of the grant of other property is in the general sense a sale, it is not simply such; it is rather an exchange of properties, and in common parlance is so understood. Such a disposition of land does not come within a naked power of sale granted to a donee who takes and holds it in the fiduciary relation as such. 2 Perry, Trusts, § 769; Waldron v. McComb, 1 Hill, 111, 7 Hill, 335; Russell v. Russell, 36 N. Y. 581; Woerz v. Rademacher, 120 N. Y. 62, 69, 23 N. E. 1113. The contemplated execution of such a power is that the sale be made for cash or its equivalent, that the proceeds may be invested. And so strictly is the power so granted observed that no authority to mortgage will be implied in the grant of an unqualified power of sale. Bloomer v. Waldron, 3 Hill, 361; Coutant v. Servoss, 3 Barb. 128; Insurance Co. v. Bay, 4 N. Y. 9. This recognized view of the construction and effect of such a power of sale is founded upon sound reason. The execution of it required is on a conservative basis, while a broader construction of a power of sale permitting an exchange of other property would be speculative, and subject the execution of it to hazards not consistent with its legitimate purpose. The same reason is applicable to the construction and import of the power to sell the real estate of infants.

Our attention is called to the statute as it existed for 65 years prior to 1880, and provided for "the sale or disposition" of the property of infants (2 Rev. St. p. 194, § 170); and it is urged that no change in the import of the statute by the modified language was contemplated. It is true that a mere change of phraseology in the revision of a statute will not work an alteration in the law as previously declared, unless it clearly appears that such was the legislative intent. In re Brown, 21 Wend. 316; Jenkins v. Fahey, 73 N. Y. 355, 361. The application of that rule to the statute in question does not necessarily support the construction contended for. No case is cited or found to the effect that the exchange of the property of an infant for other property came within the provisions of the statute as they were prior to the year 1880. The language used by the revisor, in

view of the purpose of the statute, is in terms consistent with the interpretation of the statute as it existed before. The sale was one method of disposition expressly provided for, and the mortgaging, releasing, and leasing were others, which came within the meaning of the words "or disposition" in the prior statute. It is reasonable to assume that the legislative intent was to express more definitely the object of the statute in the revision than it had been declared in the earlier provisions of the statute. It seems quite evident that, as the term "sale" was expressed, the words "or disposition" were not intended to include a sale, but something other than such a disposition of property; and, as an exchange necessarily embraced a sale and conveyance, the same reason existed for the exclusion of exchange of properties from the provision as would have prevailed if the power had been restricted to a sale by the omission of the words "or disposition" in the prior statute. In Hedges v. Riker, 5 Johns. Ch. 163, the power given by the will was "to sell and dispose of so much of the estate as should be necessary to fulfill the will." The chancellor there said: "A lease for years is still a disposition of the estate within the terms of the power; and, without resorting to the power, the general jurisdiction of the court over property of infants is adequate to confer the authority." In the view there taken, it seems the question whether the power to lease came within that given by the will was not treated as important for the purpose of the result to be attained. Leggett v. Perkins, 2 N. Y. 297, is the leading case upon the construction of certain provisions of the statute of trusts (1 Rev. St. p. 728, § 55, subd. 3), in which was judicially settled the question in that respect which had been the subject of litigation for many years. The controverted question disposed of there has no application to the present case. The remark of Mr. Justice Cady in that case to which attention is called by counsel, that "a power to make leases is a power to alienate part of the estate," is consistent with the provisions of the will under consideration there, in view of what he added,—that "by the lease in this [that] case a part of the testator's estate was alienated to the defendant." In the cited case of Hawley v. James, 16 Wend. 61, nothing is found having essentially any bearing upon any question in the present case. The remark is there made by Mr. Justice Bronson that "a mortgage is one mode of aliening the estate or a portion of it equal in value to the mortgage debt." If this is intended as authority that a mere power of sale is power to mortgage real property, it may be observed that it is not consistent with later judicial authority on the subject. Insurance Co. v. Bay, 4 N. Y. 9.

But notwithstanding the conveyance made of the estate of the infant defendant was void for want of power to authorize or make it, and the bond and mortgage, so far as they were made in her name and behalf, were likewise ineffectual to charge her, the further question arises whether the complaint as to her should have been dismissed. The grantors Van Ness conveyed the entire estate in the Degraw street property to the defendants James, one of whom was the infant defendant. They took from their grantees a mort-

gage, in which she was joined, as before mentioned. The plaintiff became the owner of the mortgage by assignment derived from those mortgagees. A sale pursuant to the judgment as entered would apparently include only two undivided third parts of the estate conveyed to the defendants, and that conveyance would remain as a cloud, at least, upon the property, as well as the mortgage, to the extent of an undivided third. It would therefore seem that such cloud should be removed by the sale on the mortgage foreclosure of the entire estate conveyed, if it can be done without prejudice to the rights of the infant defendant. I think it can be done by a modification of the judgment so that, instead of the dismissal of the complaint as to her, it direct that the entire estate so conveyed by the defendants' grantors be sold without prejudice to the right of the defendant Nina E. James to assert the invalidity of the conveyance made of her estate in the Herkimer street property, and expressly declaring that the bond mentioned in the complaint, as against her, is void. And the judgment should be modified accordingly. All concur.