manner provided by law, it is entitled to slight consideration as evidence.

But it clearly appears in the case, upon a comparison of the original tally sheets, ballot clerks' returns and statement of canvass, that the discrepancies alleged do not in fact exist. In the Ninth district it is conceded that the inspectors and poll clerks made a mistake, not in counting the ballots, but in transcribing the result, and that, instead of 19 blank ballots, there were only 3. The mistake was discovered after the police returns had been made out and sent to the police station; and, the inspectors fearing, as it is shown, that they would get into trouble if they then corrected the returns, they permitted the error to remain. It should in fairness be stated that the chairman of the board of inspectors was of the party upon whose ticket the relator was a candidate, and that the mistake was promptly communicated to the headquarters of that party to which relator belonged. The respondent consents to have the returns in this district corrected in accordance with the testimony of the inspectors.

In view of this concession, of the altogether unreliable character of the petitioner's proofs, and of the absence of any extraneous evidence of the incorrectness of the returns, the application must be denied.

Application denied.

---

(50 Misc. Rep. 189.)

### In re ADDERLEY et al.

(Supreme Court, Special Term, Fulton County. April, 1906.)

INFANTS—EXCHANGE OF PROPERTY.

　　A proceeding to obtain authority, under Code Civ. Proc. § 2348, relating to the sale of the real estate of infants, whereby it is sought to exchange the interests of the infants as tenants in common in four out of five separate parcels of real estate, in consideration of a conveyance by the other tenants in common of their interest in the other parcel to the infants, is unauthorized.

　　[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Infants, §§ 66, 67.]

Application for the sale of certain realty belonging to Eleanor E. Adderley and others, infants. Application denied.

O'Brien & Short, for petitioner.
Thomas P. Adderley, special guardian, for infants.

SPENCER, J. This proceeding, as its title imports, is an application for authority to sell the real estate of infants under the provisions of section 2348 of the Code of Civil Procedure. It appears that the infants and three other persons are tenants in common of five separate parcels of real estate, and it is intended by this proceeding to effect an exchange of the interest of the infants in four of the parcels to the other tenants, in consideration that such other tenants convey to the infants their interests in the one parcel, thereby effecting a partial partition of the parcels among the several owners.

No doubt such an exchange of interests would be beneficial to all the parties and avoid the expense of a partition action, but the statute

by its terms does not authorize such a transaction. This court has no inherent jurisdiction over the real estate of infants. Its authority rests solely upon the statute. The statute must be strictly construed. In Moran v. James, 20 Misc. Rep. 235, 45 N. Y. Supp. 537; Id., 21 App. Div. 183, 47 N. Y. Supp. 486, an exchange of property was held to be unauthorized by the statute. I am unable to distinguish that case from the present. Certainly the reasons there given for the holding that an exchange of property is invalid, as not authorized by the statute, has equal application to the transaction here contemplated.

The application, therefore, is denied. The petitioner, if so advised, may take an order sending the proceedings back to the referee for a further examination and hearing, or enter an order discontinuing the proceedings. Ordered accordingly.