(55 Misc. Rep. 608.)

FOERSCH et al. v. SCHMITT et al.

(Supreme Court, Special Term, New York County. August, 1907.)

1. CONVERSION—REAL ESTATE INTO PERSONALTY.

    Testator devised all his property in trust, to be sold and certain legacies paid, and the remainder divided among his nieces and nephews. *Held* an equitable conversion, and that rents coming into the hands of the ex-

ecutors pending such conversion into money are applicable to the pur-
poses of administration, and· do not belong to the residuary legatees.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Conversion, §§
30–32.]

**2.** EXECUTORS—SALE OF REALTY.

Where a will provides for the sale of the realty, the court will not direct
an immediate sale of the realty, in the absence of proof of a threatened
abuse of powers by the executors.

Action by John Foersch and others, executors, against William
Schmitt and others. Judgment rendered.

R. Gordon Mackay, for plaintiffs.

M. H. Winkler, for defendant Schmitt and others.

Eugene Smith, for defendant City Fireproofing Company.

BISCHOFF, J. The testator, Michael Schmitt, devised and be-
queathed all his property to his executors, "in trust to sell and dispose·
of all or any part thereof either at public or private sale, and upon
such terms and at such times as to them may seem to the best interests
of my estate and after converting the same into cash to pay over the·
same as follows." A number of legacies are then provided for, and
a further direction is made that the executors divide the remainder
of the estate equally between the testator's nephews and nieces living·
at the time of his decease. Certain rents having come into the hands
of the executors, and there being debts in a substantial sum, the ques-
tion has arisen whether these rents belong to the residuary legatees,.
or whether the moneys are properly applicable to the purposes of ad-
ministration.

This question turns upon the effect of the clause whereby the de-
vise is made to the executors "in trust." There was no express trust—
merely· a power in trust. Real Prop. Law, § 77. And, if the real·
estate be viewed as having retained its character as such, the result.
would be that the parties entitled to the residue took it, and with it
the rents, subject to the exercise of the power. Konvalinka v. Schle-
gel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494; Clift v. Moses,.
116 N. Y. 144, 22 N. E. 393. In my opinion, the rents belonged to
the executors, upon the theory of an equitable conversion. That a
sale was to be had before any of the legacies were paid, and that the
parties entitled to the residue were to share in it only in the form of·
a distribution in cash, after the sale and the payment of legacies, is·
the intention practically expressed in so many words. The clause
preceding the provision for a devise "in trust" directs the payment
of debts, and it is to be assumed that the testator was aware of the
condition of his debts and assets. Without a sale as an incident to·
the ·substantial administration of the estate, and without the receipt
of rents—an incident. of an equitable conversion—by the executors,.
the will could not be carried out, in view of the condition of the es-
tate; and it appears, therefore, that there was an intention, implied.
as well as expressed, that the real estate be treated as personalty. A
construction favoring a conversion is to be resorted to upon such a
state of facts. Dodge v. Pond, 23 N. Y. 69; Lent v. Howard, 89·
N. Y. 169; Fraser v. Trustees, 124 N. Y. 479, 26 N. E. 1034.

I find no ground for an affirmative direction that the executors proceed to an immediate sale, or for any further defining of their duties in the matter of collecting the rents and of paying the debts. Their duties are clear; and they have some discretion as to the matter of sale (Lent v. Howard, supra), with which, in the absence of any proof of a threatened abuse of their powers, the court is not called upon to interfere.

Form of decision and judgment may be presented, in accordance with this memorandum, upon notice of settlement.

Judgment accordingly.