The questions relating to allowances for services and disbursements of witnesses in this proceeding are disposed of by a separate memorandum.

---

### WRIGHT CO. v. AERO CORPORATION, Limited.

(Supreme Court, Special Term, New York County. December 27, 1911.)

1. INJUNCTION (§ 43*)—SUBJECTS FOR REMEDY—CONTRACTS FOR SERVICES.

Plaintiff agreed to perform certain services for defendant, defendant agreeing, at the close of a meet, if plaintiff had complied with the contract, to pay plaintiff $10,000, and, if there should be any surplus after repayment of the subscribers' loan for conducting the meet, to pay over such surplus to the plaintiff up to $15,000. The plaintiff performed the contract on its part, and was paid the $10,000, and $15,000 were the receipts from the meet. *Held*, that such fund was not impressed with a trust as the property of the plaintiff, so as to entitle it to an injunction to impound it; the relations between the parties being simply those of debtor and creditor.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 43.*]

2. ASSIGNMENTS (§ 52*)—EQUITABLE ASSIGNMENT.

A court of equity would not be justified in holding that the agreement operated as an equitable assignment of the fund.

[Ed. Note.—For other cases, see Assignments, Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INJUNCTION (§ 43*)—ENJOINING DISPOSAL OF FUND.

    Where plaintiff made a contract with a corporation, formed to hold an aviation meet, and with only $500 capital, the contract calling for the payment to plaintiff of the receipts, after certain deductions, up to a specified amount, as compensation for services, plaintiff, suing to recover on the agreement, cannot enjoin defendant from paying out the money in its possession, on the ground of the nature of the corporation and the slenderness of its capital.

    [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 43.*]

Action by the Wright Company against the Aero Corporation, Limited. On motion by plaintiff for an injunction. Motion denied.

Williamson & Smith, for plaintiff.

Niles & Johnson, for defendant.

PAGE, J. The plaintiff brings his action against the defendant for money had and received, and now moves for an injunction restraining the defendant from paying out the sum of $15,000 which defendant has in its possession. The parties hereto entered into a contract whereby the plaintiff agreed to perform certain services, and to refrain from interfering with other competitors by injunctions by reason of plaintiff's claim of infringement of its patents by the use of machines. In and by said contract it was agreed:

    "(7) That at the close of the meet, in the event that the Wright Company has complied with the terms of this contract, it [the defendant] will pay the Wright Company the sum of $10,000 absolutely, and in addition thereto, if there shall be any surplus remaining after the repayment to the 'subscribers' of the amount which they loaned to the Aero Corporation for the purposes of conducting this meet, it will pay over said surplus to the Wright Company up to the sum of $15,000, in that event making the total payment to the Wright Company the sum of $25,000. * * *"

It is conceded that the plaintiff fully performed the contract on its part and was paid the $10,000. This money (the $15,000) did not come into the hands of the defendant in any manner whereby a trust was impressed upon it as the property of the plaintiff. There were simply the receipts from the exhibition or meet, paid by persons for the purpose of witnessing or participating therein.

Nor is there any merit in the plaintiff's contention that the contract assigned these moneys to the plaintiff, which would operate immediately upon any money that came into the hands of the defendant the minute a sufficient sum was received to constitute a surplus over and above a sum to be repaid to the subscribers. I cannot see anything that would justify a court of equity in holding that the agreement operated as an equitable assignment of the fund. The relations of the plaintiff and defendant are simply that of debtor and creditor.

The plaintiff further asks injunctive relief on the ground that the defendant is a corporation formed merely for the purpose of conducting this meet, and its capital stock was only $500. These conditions, however, have not arisen since the contract was made. If the courts were to grant an injunction impounding funds merely on the ground that the plaintiff feared that the defendant might otherwise be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unable to respond in damages, injunction would be the most common remedy sought. As has been said:

"That is a danger equally applicable to all other demands, and is not an impending and special misfortune, which will justify this extraordinary preventive remedy by injunction." Watson v. Hunter, 5 Johns. Ch. 168, 172, 9 Am. Dec. 295.

There seems to me to be no case presented for an injunction. The motion will therefore be denied, with $10 costs.

Settle order on notice.