(152 App. Div. 431.)

### TURCO v. TRIMBOLI et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

1. WILLS (§ 681*)—POWERS IN TRUSTS—DISCRETION OF EXECUTOR.

Under the express provisions of Real Property Law (Consol. Laws 1909, c. 50) §§ 97, 99, 105, the executor, under a will devising in trust to him certain real property, to be divided among testator's devisees and legatees, with power "in his discretion to sell and dispose of the same" was vested with a naked power in trust, and the testator's interest passed upon his death to his heirs or devisees, subject to the execution of such power.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1599–1601, 1612, 1613; Dec. Dig. § 681.*]

2. WILLS (§ 693*)—POWERS IN TRUSTS—MODE OF DISPOSITION—EXCHANGE.

An executor, to whom real estate was devised in trust, with discretion "to sell and dispose of the same, either at public or private sale for cash or on credit, or part cash and part credit, as he shall deem most for the advantage of my estate," was not empowered to exchange the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec. Dig. § 693.*]

3. ESTOPPEL (§ 19*)—EXECUTOR'S DEED—BENEFICIARIES UNDER WILL.

The devisees or beneficiaries under a will, subject to the executor's execution of a naked power in trust, are not estopped from asserting any claim to the real property as against grantees under a deed given by the executor upon an exchange of property in excess of his powers.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 25; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. VENDOR AND PURCHASER (§ 130*)—ACTION FOR MONEY PAID—DEFECT IN TITLE.**

A vendor, who undertakes to convey premises by good and marketable title, is liable to the purchaser for money paid upon the contract, where the title is subject to claims by the heirs of one whose executor, in excess of his powers, had conveyed the property.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Appeal from Special Term, Kings County.

Action by Michele Turco against Giuseppa Trimboli and another. From a judgment of the Special Term, entered in the office of the clerk of the county of Kings on the 30th day of September, 1911, in favor of the plaintiff, in an action to recover money paid by him to defendants under a contract for the sale and purchase of real property, which the defendants claimed to own, and which they undertook to convey by a good title in fee simple, defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Forrest S. Chilton, of New York City, for appellants.
Edward J. Flanagan, of Brooklyn, for respondent.

RICH, J. The premises involved, with considerable other real property, was owned, at the time of the death of Aaron Clark, by him and Harriet C. Anderson in common. Clark devised his undivided interest in said property to his executors in trust, for division among his devisees and legatees; his will providing:

"And as to my real estate in his discretion to sell and dispose of the same, either at public or private sale for cash or on credit, or part cash and part credit as he shall deem most for the advantage of my estate."

The proceeds were to be divided between persons named in said will. The executor conveyed the interest of his testator in the land involved in this action to Harriet A. Anderson, the joint owner; the consideration of such conveyance being a deed to him of her interest in other realty owned in common by her and Clark at the time of his death. The title of the defendants rests upon this deed. The precise question presented is whether the executor of Clark possessed the power which he assumed to exercise, and whether his deed to Mrs. Anderson vested a good title in her in fee simple to the land therein described. The learned Special Term held that it did not, and in such conclusion I think it was right.

[1] Under the provisions of the will the executor was vested with a naked power in trust, and the testator's interest in the premises passed upon his death to his heirs or devisees, subject to the execution of such power. Sections 97, 99, 105, Real Property Law; Matter of Arensberg, 120 App. Div. 463, 104 N. Y. Supp. 1033; Matter of Cooney, 112 App. Div. 659, 98 N. Y. Supp. 676; Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413, 24 Am. St. Rep. 468; Weeks v. Cornwell, 104 N. Y. 325, 338, 10 N. E. 431; Chamberlain

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Taylor, 105 N. Y. 185, 11 N. E. 625; Konvalinka v. Schlegel, 104 N. Y. 125, 9 N. E. 868, 58 Am. Rep. 494; Foersch v. Schmitt, 55 Misc. Rep. 608, 106 N. Y. Supp. 935.

[2] The power in trust was not well executed. Under it the executor was limited to an actual sale for cash, on credit, or part cash and part credit, and his powers did not extend to an exchange of property. Powers v. Bergen, 6 N. Y. 359; Briggs v. Davis, 20 N. Y. 15, 75 Am. Dec. 363; Roome v. Philipps, 27 N. Y. 357; Russell v. Russell, 36 N. Y. 581, 93 Am. Dec. 540; Scholle v. Scholle, 113 N. Y. 261, 274, 21 N. E. 84; Woerz v. Rademacher, 120 N. Y. 62, 65; Moran v. James, 21 App. Div. 183, 47 N. Y. Supp. 486.

[3, 4] It is urged. that the beneficiaries are estopped from asserting any claim to the premises. I do not think this contention good. There is a risk involved in taking title. The plaintiff is entitled to a marketable title, and such right must be protected and enforced. Moore v. Appleby, 108 N. Y. 241, 15 N. E. 377; Harris v. Strodl, 132 N. Y. 392, 397, 30 N. E. 962. The defendants undertook to convey the premises to plaintiff by a good and marketable title, free from serious doubt, and the evidence establishes their inability to perform their contract obligation.

The judgment must be affirmed, with costs. All concur.