Gross *v.* Disney.

GROSS *v.* DISNEY.

(*Knoxville.*   November 12, 1895.)

1. LIMITATIONS, STATUTE OF.   *Pleading disability to avoid bar.*

   A plaintiff who relies upon disability to avoid the effect of the
   statute of limitations must allege that it existed when the
   cause of action accrued, and also that it continued to a time
   when it would be an answer to the bar.   (*Post, pp. 593–596.*)

   Cases cited and approved: 6 Pet., 61; 9 Pet., 405; 3 Pet., 12; 19
   How., 69; 7 Cranch, 156; 1 Dev. & Bat., 325.

2. SAME.   *Burden of proving disability to avoid bar.*

   A plaintiff who relies upon a disability to save the bar of the
   statute of limitations, has the burden of proving its existence
   at the time the cause of action accrued, and that it was a con-
   tinuing one until such date as will prevent the bar.   (*Post, pp.
   596, 597.*)

   Cases cited and approved: Cook *v.* Cook, 10 Heis., 466; Apperson
   *v.* Pattison, 11 Lea, 484; 4 Wheat., 230; 15 Ala., 194; 41 Ark.,
   43; 14 Ind., 344; 33 Mo., 184; 26 Tex., 276; 45 Ala., 89; 18 Ala.,
   606; 25 Mich., 463; 4 Mo. App., 573; 3 Jones & S., 85; 81 Am.
   Dec., 726.

FROM   CAMPBELL.

Appeal   from   the   Chancery   Court   of   Campbell
County.   H. B. LINDSAY, Ch.

YOUNG & SAWYERS for Gross.

AGEE & FOWLER for Disney.

Gross *v.* Disney.

BEARD, J. This is an ejectment bill filed for the purpose of recovering an undivided one-third of a tract of land in Campbell County. The complainant is a married woman, and sets up title to the interest in controversy as one of the heirs of her father, who died in 1842, leaving her an infant of very tender years. The record discloses that in the year 1858, while still a minor, the complainant married, and has continued from that time up to the bringing of this suit under the disability of coverture.

The defendants, in their answer, set up the defense that they and their privies in estate have been in adverse possession of this property for many years, asserting title thereto under deeds purporting to convey a fee, and they rely upon the statute of limitation of seven years to protect them from complainant's claim.

The testimony in the cause clearly shows that the predecessors in title and the privies of the defendants entered into actual possession of this property somewhere from 1856 to 1858, and began to cut timber, make inclosures, open up the lands for cultivation, etc., asserting an open, notorious, and adverse claim to the same, and that this possession was maintained, and this claim has been made continuously ever since; but the exact date of this entry upon the property is not, with entire certainty, determined. While it is very evident that it occurred at some point of time very near to the date of complainant's marriage, yet the record fails to

38—11 P

show, with absolute accuracy, whether it was immediately before or soon after this event.

The deraignment of complainant was perfect, and she was unquestionably entitled to recover, unless the defendants can protect themselves under their plea of the statute of limitations. On the other hand, this long adverse holding was, under their plea, an absolute bar to complainant's recovery, unless she was saved, by her disability of coverture, from the operation of the statute.

The evidence in the cause leaving uncertain the time of taking this adverse possession, with regard to the date of complainant's marriage, the Chancellor sustained the bill, and awarded a writ of possession to complainant. An appeal was prosecuted by the defendants, and the Court of Chancery ·Appeals have entered a decree affirming that of the Court below. From this last decree the defendants have appealed to this Court.

In the opinion of this latter Court, handed down with the decree in question, it is said: "If the adverse possession began before the complainant's marriage, the case should be decided for the defendants. If the adverse possession began after her marriage, it should be decided for complainant. The burden of proof is upon the defendants to show how this is." And, finding the evidence on this point to be too vague and uncertain to base any judgment upon, the opinion concludes by saying: "We are bound to say that the defendants have failed to make out

the defense of the statute of limitations." This holding of the Chancery Appeals is here assigned for error.

We are not able to agree in the conclusion reached by that Court.

In the first place, the averment of the bill, by which it was complainant's evident purpose to avoid the anticipated plea of the bar of the statute by setting up a disability which would entitle her to its saving clause, falls far short of the requirement of correct pleadings. The only allegation to be found in the bill on this point, is as follows: "Complainant respectfully shows this Court that Adaline Gross, who is a married woman, and married before she was twenty-one years of age, is the owner," etc. It will be seen that she fails to state that she was a *feme covert* at the time the adverse holding of the defendants began; and that this condition of coverture continued until this suit began, or to a point of time within the saving of the statute. Under this meager pleading, we deem it extremely doubtful, whether, if objection had been made, evidence tending to rebut defendant's case of adverse holding, by showing a disability within the term of the statute, was competent. *Piatt* v. *Valtier*, 9 Pet., 405. We think it may be taken as a well-established rule of pleading that when the statute of limitations is relied on, at law or in equity, and the plaintiff desires to bring himself within its savings, it is proper for him to set forth the facts specially.

*Miller* v. *McIntyre*, 6 Pet., 61. As, where there is a plea of the statute against a running claim, the plaintiff must allege or demand within the statutory period. *United States* v. *Buford*, 3 Pet., 12. Or when a plaintiff seeks to avoid the limitations, on the ground of the fraud and concealment of the defendant and of those under whom he claims, the particular acts of fraud or concealment should be set forth, as well as the time when discovered. *Moore* v. *Greene*, 19 How., 69. And the party thus seeking to avoid the effect of the statute by disability, must not only aver that it existed when the cause of action accrued, but he must allege in his pleadings a continuance of it to a point of time when it would be a perfect answer to the bar. *Harsteller* v. *McClaen*, 7 Cranch, 156; *Edwards* v. *University*, 1 Dev. & Bat., 325.

But, in the second place, conceding that this averment of disability, as contained in this bill, was sufficient, or that the failure of defendant to object to it has made it so, in either event we think it well settled that the burden of proof is upon complainant to show that the disability which is relied on to save the bar existed, and that it was in existence at the time the cause of action accrued, and was a continuing one from the first. 1 Wood on Lim., p. 12; *Edwards* v. *University, supra;* *Marsteller* v. *McClaen, supra.*

So far as our examination has extended, the holding of the Courts is uniform that one claiming

the benefit of exceptions in a statute of limitations must bring himself within them by proof. *Somerville* v. *Hamilton*, 4 Wheaton, 230; *Howell* v. *Hair*, 15 Ala., 194. Thus, where infancy was pleaded as operating to suspend the running of the statute (*Yell* v. *Lane*, 41 Ark., 43; *Vail* v. *Hatton*, 14 Ind., 344), or that the party was *feme covert* (*Dessaunier* v. *Murphy*, 33 Mo., 184; *Edwards* v. *University*, *supra*), or absence from the State (*Phillips* v. *Holman*, 26 Texas, 276), it was held that the party setting up such disabilities against the bar of the statute must prove them. Likewise, it is held that the burden is upon the party who relies upon other facts to remove the bar of the statute, such as part payment (*Knight* v. *Clements*, 45 Ala., 89), a new promise (*Moore* v. *Lesseur*, 18 Ala., 606; *White* v. *Campbell*, 25 Mich., 463), or fraudulent concealment (*Spuryer* v. *Hardy*, 4 Mo. App., 573; *Baldwin* v. *Martin*, 3 Jones & S., 85; *Godbold* v. *Lambert*; note to *Pond* v. *Gibson*, 81 Am. Dec., 726).

This rule is also recognized in this State in *Cook* v. *Cook*, 10 Heis., 466, and *Apperson* v. *Pattison*, 11 Lea, 484.

The complainant having failed to show that her coverture antedated the adverse possession of defendants, as, upon these authorities, as well as sound reason, it was her duty to do, it follows that the decree of the Court of Chancery Appeals must be reversed, and the bill in this cause must be dismissed.