## GALLO v. BROOKLYN SAVINGS BANK.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. ESTOPPEL (§ 96*)—EQUITABLE ESTOPPEL—NEGLIGENCE.
 Where one's purchase of negotiable paper is the natural and direct result of the negligent act of another, the latter must bear the loss, if any, resulting from such purchase, especially where the latter has put the paper in circulation, knowing or having reason to believe that it is to be used as an instrument of fraud.
 [Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 96.*]

2. ESTOPPEL (§ 96*)—EQUITABLE ESTOPPEL—NEGLIGENCE.
 A savings bank issuing its check for the amount of a deposit, payable to the order of its teller, and by him indorsed and delivered to the person demanding the deposit and presenting the passbook, though not corresponding with the description of the depositor in the bank book, nor answering the test questions, represents that such person is the owner of the check, and, as against one misled thereby by cashing the check on such person being identified, is estopped from denying that such person is the owner.
 [Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 96.*]

3. ESTOPPEL (§ 96*)—EQUITABLE ESTOPPEL—NEGLIGENCE.
 A savings bank issuing its check for the amount of a deposit, payable to the order of its teller, and by him indorsed and delivered to the person demanding the deposit and presenting the passbook, though not corresponding with the description of the depositor in the bank book, nor answering the test questions, was guilty of negligence; and the subsequent cashing of the check by another was the natural, immediate, and proximate result of the delivery by the bank of the check to such person, authorizing a recovery for the damages resulting to the person cashing the check.
 [Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 96.*]

4. DAMAGES (§ 73*)—EXPENSES OF LITIGATION—LITIGATION WITH THIRD PERSON.
 One purchasing a check negligently issued by another, and then transferring it to a third person, cannot recover unnecessary expenses incurred in an injustifiable defense of a suit brought by the third person, and thereby increase his damages occasioned by such negligence.
 [Ed. Note.—For other cases, see Damages, Cent. Dig. § 152; Dec. Dig. § 73.*]

Appeal from Trial Term, Kings County.

Action by Saverio Gallo against the Brooklyn Savings Bank. From a judgment dismissing the complaint at the close of the case, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

J Stewart Ross, for appellant.

Alden S. Crane (Leonard N. Snedeker, on the brief), for respondent.

MILLER, J. This is an action by an indorsee to recover the amount of a check made by the defendant, and also the expenses incurred by the plaintiff in the unsuccessful defense to a suit brought by a subsequent indorsee. The check was issued by the defendant and cashed by

the plaintiff under the following circumstances: An account had been opened with the defendant in the name of Antonio Cona. A person representing himself to be Antonio Cona, the depositor, presented the passbook, issued when the account was opened, and demanded payment of the deposit. He did not correspond with the description of the depositor in the defendant's book nor answer the test questions. At first the defendant refused to make the payment, but finally, after repeated demands, drew a check payable to the order of its teller, who indorsed it to the order of Antonio Cona, and delivered it to the person making said demand. The check was presented to the plaintiff, a banker, by the person to whom the defendant delivered it. Said person was identified as Antonio Cona by a man, known to the plaintiff, who testified on the trial of this action that he had known him for a year as "Tony" Cona. The said holder of the check indorsed on it the name "Antonio Cona," and the plaintiff cashed it.

The position of the defendant is that it intended to make the check payable to its depositor, and that the indorsement of the name of its depositor by any other person was a forgery, and did not pass title. It seeks to distinguish the cases of First Nat. Bank v. American Ex. Nat. Bank, 170 N. Y. 88, 62 N. E. 1089; Sherman v. Corn Exchange Bank, 91 App. Div. 84, 86 N. Y. Supp. 341, and cases cited, by the fact that the maker of the negotiable instrument in each of those cases intended to make it payable to the person to whom it was actually delivered, and hence that it was immaterial that that person was actually impersonating another. It is certain that the defendant drew its check and delivered it to the person claiming to be the payee, or technically in this case the indorsee, and that it knew that he would try to get the money on the check and would succeed if identified to the drawee or to third parties as Antonio Cona. Either the person presenting the passbook was the depositor, or he was trying to perpetrate a fraud. In the latter case the defendant surely did not expect him to seek out the real depositor, and deliver the check to him. It seems to me that the defendant must take one of two positions. Either it intended to make the check payable to the person to whom it delivered it, or it knowingly put in his hand an instrument to defraud innocent third parties, and it will not be heard in a court of justice to assert the latter.

The plaintiff acted prudently. He required the holder to be identified as Antonio Cona by a person whom he knew. He assumed, of course, that Antonio Cona, the holder of a check payable to Antonio Cona, was in fact the payee. Prudent men daily act upon like appearances, and, unless they may do so with reasonable safety, the necessary freedom of commercial transactions cannot exist. To be sure, there may be circumstances under which a purchaser of negotiable paper, though acting prudently and in good faith, may not have recourse to another; but, where his purchase is the natural and direct result of the negligent, if not culpable, act of another, such other should bear the loss. Especially is that so where such other person has put the paper in circulation, knowing or having reason to believe that it is to be used as an instrument of fraud. The delivery of the check to the person claiming to be the payee was in fact a representation that he was the payee; and, the plaintiff having been misled thereby, the defendant as to

him should, be estopped· to deny that the holder was the payee. While the case of Chemical Nat. Bank v. Kellogg, 183 N. Y. 92, 75 N. E. 1103, 2 L. R. A. (N. S.) 299, 111 Am. St. Rep. 717, is not in its facts like this case, it seems to me that the principle declared and the reasons for it are applicable.

Moreover, independently of the foregoing, I think the plaintiff may recover the loss sustained by him as the direct result of the defendant's negligence. The complaint alleges all of the facts and that the defendant was negligent. That the defendant was culpably negligent cannot be doubted. The person to whom the check was delivered succeeded in doing what the defendant knew he would try to do with the means with which it supplied him. The subsequent cashing of the check was the natural, immediate, and proximate result of the delivery of it to the person claiming to be the payee. I do not think that banks can thus put the burden and responsibility of identifying their depositors upon strangers.

I do not say that the plaintiff can recover the expenses incurred in the defense of the suit brought by the subsequent indorsee. The record before us discloses nothing tending to justify that defense, and, of course, the plaintiff could not increase the damages by doing a futile thing.

The judgment is reversed.

Judgment reversed and new trial granted, costs to abide the event. All concur.