JACOB DONDIS *vs.* WILLIAM A. BORDEN.

Bristol.    January 2, 1918. — March 4, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, Building contracts.    *Practice, Civil,* Exceptions.    *Proximate Cause.*    *Damages,* For breach of contract.

In an action on a contract in writing, by which the defendant agreed to construct a building for the plaintiff, for damages caused by the defendant's failure to make the building waterproof, whereby the plaintiff's goods stored there became damaged, it appeared that the contract provided that the work was to be done under the direction of the architect and "that no certificate given or payment made under this contract, except the final certificate or final payment, shall be

conclusive evidence of the performance of this contract." It could have been found that the architect permitted a variation from the specifications in the work of waterproofing to which the plaintiff did not assent. A finding was warranted that no final certificate ever was given or intended to be given by the architect as arbitrator under the contract, and an auditor to whom the case had been referred found that "at the time the certificate of final payment was given the defendant had not performed the work" or furnished the "materials required by the specifications; that the architect could easily have ascertained this, and was negligent in not doing so." It was conceded that the basement of the building had not been made waterproof as called for by the contract. The presiding judge refused to make a ruling requested by the defendant, that "The original contract was conclusively settled by the making and acceptance of the final certificate and payment," and also refused to instruct the jury "that the plaintiff could not recover on the principal contract because of the issuance of the architect's final certificate and payment thereunder." *Held,* that the refusal of the judge to make the rulings requested was right.

In the case above described it also was *held* that the judge properly refused to rule that the plaintiff could not recover under a certain guaranty clause in the contract, because the request for the ruling was inappropriate, the plaintiff having made no claim under that clause.

In the case above described the plaintiff sought to recover for damage to "his dry goods and other merchandise" caused by the defendant's failure "to put up a building that shall be waterproof." The auditor found "that the defendant knew that said basement was to be used for the storage of dry goods and merchandise," and further found "that the plaintiff's goods and merchandise in the basement became damp and mouldy due to the absence of waterproofing," and there also was oral evidence warranting the jury in making this finding. The presiding judge refused to make a ruling requested by the defendant that, "Even though the defendant knew that the store was to be used for the storage of goods, the plaintiff [defendant] would not be liable for damage thereto because the defendant's act in omitting the waterproofing would not be the proximate cause of such damage." *Held,* that the judge was right in refusing to make this ruling, because the jury could find that the plaintiff's damages were such as reasonably might be supposed to have been within the contemplation of the parties if at the time of making the contract they had taken thought of the consequences likely to ensue if the waterproofing as specified were omitted.

CONTRACT upon a contract in writing, further described below, to construct a building for the plaintiff for stores and tenements on East Main Street in Fall River. Writ dated January 22, 1912.

The plaintiff's substituted declaration, filed by consent on November 5, 1912, was as follows:

"And the plaintiff says that on or about the first day of August, 1910, he and the defendant entered into a written contract, a copy of which is hereto annexed, and made a part hereof. And the plaintiff says that he has fully and faithfully performed and carried out all his engagements and agreements set forth in said instru-

ment, but the defendant, not regarding the same, has neglected and refused to carry out the same, and did not use in erecting said building materials such as he agreed to use, did not employ upon its erection skilled and competent workmen, did not do said work or cause the same to be done in a good and workmanlike manner, and did not erect and complete said building in accordance with the drawings and specifications set forth in said contract, but erected and delivered a greatly inferior building of poor and insufficient materials and of improper and defective workmanship, to the plaintiff's great loss and damage."

On August 3, 1915, the plaintiff was allowed to amend his declaration by adding a second count, as follows:

"Second count. The plaintiff says the defendant contracted according to agreement, a copy of which is annexed, to put up a building that shall be waterproof and in accordance with certain specifications. The plaintiff says said building was not constructed as agreed and that as a result thereof his dry goods and other merchandise put in said building became moist and mouldy and were therefore damaged.

"The plaintiff further says the defendant knew the plaintiff intended to use said building for such purpose."

The defendant's answer, filed on November 9, 1912, was as follows:

"And now comes the defendant in the above entitled cause and for answer denies each and every allegation in the plaintiff's writ and declaration.

"And further answering, without waiving any of the above allegations, said defendant says that whatever agreement he has made with said plaintiff respecting the building of any house whatever he has fully performed.

"And without waiving any of the above allegations, but insisting thereon, the defendant further says that he did build for said plaintiff a certain house, and fully performed all by said defendant to be done and performed under the agreement made respecting said house, and that said plaintiff accepted said house as fully completed, and thereby released said defendant of and from all obligations respecting said house."

The contract declared upon contained, among others, the following provisions:

"Article 2. It is understood and agreed by and. between the parties hereto that the work included in this contract is to be done under the direction of the architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final.

"Article 3. No alterations shall be made in the work except upon written order of the architect."

"Article 9. The contract price shall be paid only upon certificates of the architect as follows: 85% of amount of work done. Payments to be made monthly and final payment when building is accepted by the architect. All payments shall be due when certificates for the same are issued.

"Article 10. It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

The specifications contained, among others, the following material clauses, each of which applied to the entire contract:

"Waterproofing. After the stone walls have been faced, inside the walls and bottom of north cellar will be waterproofed; the entire height to grade with two coats of felt and one-coat of burlap well mopped in and coated with asphalt, then cellar walls to have a lining of four inches thick of brick laid in cement mortar."

"Guarantee. The contractor is at his own cost to amend and make good any defects or faults in his work, occurring from poor workmanship or materials, which may appear within twelve months after completion of the building."

The case was tried before *J. F. Brown*, J. The findings of the auditor to whom the case was referred and the findings warranted by the evidence at the trial· are stated in the opinion. At the close of the evidence the defendant filed a motion in writing that a verdict be ordered for him. The judge denied the motion, and the defendant then asked the judge to make the following rulings:

"1. The original contract was conclusively settled by the making and acceptance of the final certificate and payment.

"2. Even though the defendant knew that the store was to be used for the storage of goods, the plaintiff [defendant] would not

be liable for damage thereto because the defendant's act in omitting the waterproofing would not be the proximate cause of such damage.

"3. The declaration is not so drawn as to entitle the plaintiff to recover in this action on the so called guarantee."

The judge refused to make any of these rulings. It was stated in the bill of exceptions that the judge "charged the jury correctly and fully as to the law on all branches of the case, but refused to instruct the jury that upon all the evidence the architect's final certificate was in any way final and conclusive upon the parties, or that the plaintiff could not recover on the principal contract because of the issuance of the architect's final certificate and payment thereunder, — or that he could not recover for the damage to goods stored in the basement, — or that he could not recover under the pleadings for defects and faults appearing after the completion of the building."

The jury found for the plaintiff in the sum of $1,430; and the defendant alleged exceptions.

The case was submitted on briefs.

*A. S. Phillips & T. C. Crowther,* for the defendant.

*D. R. Radovsky & F. A. Pease,* for the plaintiff.

BRALEY, J.  The refusal of the defendant's first request, asking for a ruling that "The original contract was conclusively settled by the making and acceptance of the final certificate and payment," as well as the refusal to instruct the jury "that upon all the evidence the architect's final certificate was in any way final and conclusive upon the parties, or that the plaintiff could not recover on the principal contract because of the issuance of the architect's final certificate and payment thereunder," shows no error of law.

The defendant relies upon the clause of the contract which provides that "no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials." But the jury could find on conflicting evidence that the plaintiff never agreed to a substituted performance as to the waterproofing to which the architect testified.  A further finding also would have

been warranted that no final certificate was ever given or intended by the architect to be given in accordance with the terms of the original contract, under which he was to act as if he were an arbitrator. The auditor moreover has found, and there is no evidence to contradict his report, that "at the time the certificate of final payment was given the defendant had not performed the work" or furnished the "materials required by the specifications; that the architect could easily have ascertained this, and was negligent in not doing so."

The present case, therefore, is plainly distinguishable from *Hathaway* v. *Stone,* 215 Mass. 212, and the plaintiff is not estopped from contending that, the building not having been completed in accordance with the specifications, he is entitled to damages notwithstanding the architect's certificate of final payment with which he has complied. *Handy* v. *Bliss,* 204 Mass. 513. And the jury on the auditor's report would be warranted in finding "that the work and material which had not been furnished and performed consisted of the furnishing of an inadequate heating apparatus . . . omissions to waterproof the cellar, . . . and a shortage in the height of the sheathing." It was not contended by the defendant that the basement had been made waterproof as called for by the contract, and, whether the plaintiff as the architect testified agreed to a substituted performance, was as we have said for the jury.

The third request, for a ruling that, under the declaration as framed the plaintiff could not recover "on the so called guarantee" was inappropriate. While the contract contained a clause that the contractor at his own expense is to make good "any defects or faults in his work, occurring from poor workmanship or materials, which may appear within twelve months after completion of the building," neither the substituted nor amended declaration contains a count on the guaranty, and on the record the parties and the judge must have understood that the plaintiff made no claim under it.

It is stated in the bill of exceptions that the court "charged the jury correctly and fully as to the law on all branches of the case," unless the first request and the second request should have been given. The plaintiff under the second count having asked for damages to "his dry goods and other merchandise" caused by the defendant's

failure "to put up a building that shall be waterproof," the judge by the second request was asked to rule, that, even if he knew the store was to be used for the storage of goods, the defendant "would not be liable for damage thereto because the defendant's act in omitting the waterproofing would not be the proximate cause of such damage." The refusal to give this ruling is the remaining question. It is settled by *Weston* v. *Boston & Maine Railroad,* 190 Mass. 298, 299, and *Hanson & Parker, Ltd.* v. *Wittenberg,* 205 Mass. 319, 327, 328, that, although the contract contains no reference to the use which the plaintiff intended to make of the building, evidence is admissible to show knowledge by the parties of the circumstances on the basis of which the contract was made. And, "as damages are assessed as compensation, the amount awarded should be such as the parties at the time of the making of the contract are supposed to have contemplated naturally would follow from the probable consequences of a breach." The auditor found "that the defendant knew that said basement was to be used for the storage of dry goods and merchandise," and the jury could find on the evidence as the auditor further found, "that the plaintiff's goods and merchandise in the basement became damp and mouldy due to the absence of waterproofing." The defendant relies on *Hadley* v. *Baxendale,* 9 Exch. 341, where in an action against a common carrier special damages were sought for loss of profits, caused by the carrier's unreasonable delay in delivering a broken mill shaft to be used by the consignee as a pattern for the making of a new one, but which were denied, as decisive of the plaintiff's right to recover. But, as pointed out in *Gagnon* v. *Sperry & Hutchinson Co.* 206 Mass. 547, 555, citing among other cases *Hadley* v. *Baxendale, supra,* the loss of prospective profits may be allowed if the loss likely to result from non-performance is within the contemplation of the parties, and "the profits are not so uncertain or contingent as to be incapable of reasonable proof." The general question also was considered in *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 444–449, with a very full review of English and American cases, which without further citation abundantly show that recovery may be had where, as in the present case, the jury could find that the plaintiff's damages were "such as reasonably might be supposed to have been within the contemplation of the parties if at the time" of making the

contract "they had taken thought of the consequences likely to ensue" if the waterproofing as specified were omitted. The exceptions therefore should be overruled, and it is

*So ordered.*