GIUSEPPE TRIMBOLI et al., Respondents, *v.* JOHN C. KINKEL, Appellant.

**Real property — power to sell not power to exchange — attorney employed to search title to real property guilty of negligence in failing to detect flaw in title — measure of damages.**

1. A power to sell and distribute the proceeds of real property is not a power to exchange, and, therefore, where an executor acting under such a power conveys his testator's interest in land in exchange for another parcel there is a flaw in the title of the land so conveyed.

2. Where, thereafter, an attorney is employed to search the title of said premises and he makes no mention of the defect to his clients, but permits them to complete their purchase on the assumption that the record title is perfect, he is guilty of negligence and does not

acquit himself thereof by showing that evidence could have been collected proving adverse possession for more than fifty years, thus curing the defect in the record title. He must show that such evidence was collected. Until that duty had been fulfilled the title was unmarketable.

3. In an action brought by the clients against the attorney to recover damages resulting from his negligence, the attorney for the first time produced evidence tending to prove title by adverse possession. *Held*, that even in such circumstances the damages were not simply nominal, but that the plaintiffs might at least recover expenses incurred in connection with an attempted resale which failed because of the defendant's failure to procure for his clients a marketable title.

*Trimboli* v. *Kinkel*, 176 App. Div. 895, affirmed.

(Argued March 6, 1919; decided April 8, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 30, 1916, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles B. Templeton* and *John C. Kinkel* for appellant. The findings of fact and conclusions of law are fully sustained by the parol testimony and the documentary evidence in the case. (*Baker* v. *Oakwood,* 123 N. Y. 16; *Arents* v. *L. I. R. R. Co.,* 156 N. Y. 1; *Sweetland* v. *Buell,* 164 N. Y. 541; *Freedman* v. *Oppenheim,* 187 N. Y. 101; *Green* v. *Horn,* 207 N. Y. 489; *Clarke* v. *Wollpert,* 128 App. Div. 203; *Monnott* v. *Murphy,* 207 N. Y. 240; *Lent* v. *Howard,* 89 N. Y. 169.)

*Charles L. Fasullo* and *Joseph G. Giambalvo* for respondents. Defendant was grossly negligent in determining that the executors' deed in question was valid. (Gerard on Titles [4th ed.], 439; *Russell* v. *Russell,* 36 N. Y. 581; *Scholle* v. *Scholle,* 113 N. Y. 261; *Moran* v. *James,* 47 N. Y. Supp. 486; *Koerz* v. *Rademacher,* 120 N. Y. 62; *Power* v. *Bergen,* 6 N. Y. 358; Reeves on

Real Property, 1226; 2 Perry on Trusts, § 769; *King
v. Whitson,* 15 Wis. 684; *Carr, Petitioner,* 16 R. I. 645;
*Heard* v. *Read,* 171 Mass. 374; *Toole* v. *Toole,* 112 N. Y.
222; *Heller* v. *Cohen,* 154 N. Y. 299; *Stokes* v. *Johnson,*
57 N. Y. 673.) It was reversible error to admit evidence
tending to prove title by adverse possession, offered by
defendant as a separate and complete defense to plaintiffs'
cause of action, for the reason that until such a title is
judically established in an action wherein all interested
persons are made parties, it will remain unmarketable.
(*Doherty* v. *Matsell,* 119 N. Y. 646; *Berkowitz* v. *Brown,*
23 N. Y. Supp. 792; *Smith* v. *Reich,* 30 N. Y. Supp. 167;
*Simis* v. *McElroy,* 160 N. Y. 156.)

CARDOZO, J. This is an action by client against
attorney.

In 1906 the plaintiffs retained the defendant to search
the title to land in Brooklyn which the plaintiffs were
about to buy. The defendant reported that the title
was good and marketable. He made up an abstract
which he delivered to his clients. This abstract shows
that in 1861 title was in Aaron Clark and Harriet A.
Anderson as tenants in common. Mr. Clark left a will
by which his real estate passed to devisees in fee. Power
to sell the land and divide the proceeds was given to
the executor. The executor in 1863 conveyed his testa-
tor's undivided interest to the co-tenant, Harriet A.
Anderson. The grantee in return conveyed to the
executor an interest in another parcel. The transaction
was not a sale for money, but an exchange. Its nature
is disclosed by the deed, which is described in the abstract.
Harriet A. Anderson conveyed the land in 1868 to one
Frederick W. Grimme, whose title passed thereafter, by
mesne conveyances, to the plaintiffs' vendors. The law
is settled that a power to sell and distribute the proceeds
is not a power to exchange (*Woerz* v. *Rademacher,* 120
N. Y. 62, 68; *Moran* v. *James,* 21 App. Div. 183, 185;

*Woodward* v. *Jewell,* 140 U. S. 247, 253). There was, therefore, a flaw in the record title. The defendant made no mention of it to his clients. He made no investigation of the occupation of the land. He supplied no evidence of adverse possession. He let his clients complete the purchase on the assumption that the record title was perfect. In 1910 the plaintiffs made a contract of 'resale. The purchaser rejected title because of the flaw in the record. The defendant represented the plaintiffs at the closing. Even then he supplied no evidence of adverse possession. He made no claim that title could be sustained upon that ground. His position still was that the record title was sufficient. The purchaser sued for the deposit and the expenses of searching title. The sellers defended. They were then represented by new counsel. The purchaser prevailed, and the title was adjudged unmarketable (*Turco* v. *Trimboli,* 152 App. Div. 431). This action was then brought to compel the attorney to respond for the damages resulting from his negligence. In defense he has attempted to prove that the defect in the record title has been cured by adverse possession for more than fifty years. The trial judge held that, with this evidence available, there was a marketable title, and that the defendant had not been negligent. The complaint was dismissed upon the merits. The Appellate Division ruled that " the defendant was negligent in passing the title upon the view that the executor's deed was valid." It, therefore, reversed the judgment and ordered a new trial.

We agree with the Appellate Division that negligence was proved. The executor's deed was plainly invalid. It is negligence to fail to apply the settled rules of law that should be known to all conveyancers (*Byrnes* v. *Palmer,* 18 App. Div. 1; affd., on opinion below, 160 N. Y. 699; *Citizens' Loan Fund & S. Assn.* v. *Friedley,* 123 Ind. 143; *Watson* v. *Muirhead,* 57 Penn. St. 161). The defendant knew the facts, for his search went back to

the executor's deed and farther. Knowing the facts, he was chargeable with knowledge of their significance. In the absence of clear and cogent evidence of adverse possession, the title was unmarketable (*Freedman* v. *Oppenheim,* 187 N. Y. 101). That evidence, if it existed, should have been gathered by the defendant, and preserved in fitting form, before title was accepted (*Crocker Point Association* v. *Gouraud,* 224 N. Y. 343, 350). Nothing of the kind was done. Mere lapse of time was insufficient without proof of a hostile holding (*Simis* v. *McElroy,* 160 N. Y. 156). The defendant does not acquit himself of negligence by showing that evidence *could* have been collected. He must show that it *was* collected. Until that duty had been fulfilled, the title was unmarketable.

The question remains whether there is any evidence of damage. The defendant has proved that for more than fifty years the plaintiffs and their grantors have been in hostile and unchallenged occupation of the land. The trial judge has held that they have title. We do not need to determine whether their ownership is unclouded by any reasonable doubt (*Freedman* v. *Oppenheim, supra; Simis* v. *McElroy, supra; Cambrelleng* v. *Purton,* 125 N. Y. 610; *Ferry* v. *Sampson,* 112 N. Y. 415; *Day* v. *Kingsland,* 57 N. J. Eq. 134). At least, they cannot be said to have made good their allegation that they are *not* the owners (*Woolley* v. *Newcombe,* 87 N. Y. 605). Their title to an undivided half is independent of the power of sale, and is undoubted. Their title to the other half, if not undoubted, has been supported by evidence which would make out a *prima facie* case in any contest with an adverse claimant (*Koch* v. *Ellwood,* 138 App. Div. 584; *Fankboner* v. *Corder,* 127 Ind. 164; *Arnold* v. *Limeburger,* 122 Ga. 72, 79; *Miller* v. *Bumgardner,* 109 N. C. 412; *Dessaunier* v. *Murphy,* 33 Mo. 184; *Gross* v. *Disney,* 95 Tenn. 592). In such circumstances, there can be no recovery either of the

whole purchase price or of half of it, even if we assume this to be the proper measure of damage where title to the whole or the half has altogether failed. The cloud, if there is any, is shadowy and vague and distant. There has been no attempt to prove the extent to which the presence of such a cloud depreciates the value (*Lawall* v. *Groman*, 180 Penn. St. 532, 540; *Whiteman* v. *Hawkins*, L. R. 4 C. P. D. 13). The defendant argues that the damages are, therefore, nominal. But we think this does not follow. The plaintiffs relied on the defendant's assurance that they had a marketable record title. Relying upon that assurance, they made a fruitless contract of resale. They have lost the commissions paid their brokers. They have been forced to reimburse the purchaser for the cost of an examination of the title. If the defendant had been diligent, these expenses would have been saved. The consequences were to be foreseen. A marketable title is one that may be freely made the subject of resale. Resale involves certain expenses as common, if not necessary, incidents. A lawyer takes the risk that those expenses will be lost if he fails to gather in due season the evidences of title. It is a loss within the range of probable contemplation (*U. S. Trust Co. of N. Y.* v. *O'Brien*, 143 N. Y. 284; *Dondis* v. *Borden*, 230 Mass. 73; *Whitehead Co.* v. *Ryder*, 139 id. 366). A different situation would be presented if the plaintiffs had themselves been negligent in failing to supply proof of adverse possession, and had thereby thrown away the opportunity of preserving their contract and minimizing the damage. They are not chargeable with negligence, for the defendant was still their lawyer, and when title was rejected, he made no claim, and supplied no evidence, of title through possession (*Crocker Point Assn.* v. *Gouraud, supra*). The fault was still his own. It is true that the plaintiffs have claimed more than they should get. They are not entitled to recover the profits of the resale (*Hadley* v. *Baxendale*, 9 Exch. 341;

*Messmore* v. *N. Y. Shot & Lead Co.*, 40 N. Y. 422; *Globe Refining Co.* v. *Landa Cotton Oil Co.*, 190 U. S. 540). They are still the occupants, and, it may be, the owners of the land, which, for all that the evidence shows, is equally valuable to-day. They are not entitled to recover the costs of their lawsuit with the purchaser. It was foolish as well as futile to litigate the validity of the exercise of the power of sale. Costs of litigation are not chargeable as damages unless reasonably incurred (*Gallo* v. *Brooklyn Savings Bank*, 129 App. Div. 698, 700; *Hammond* v. *Bussey*, 20 Q. B. D. 79; *Fitzgerald* v. *Heady*, 225 Mass. 75, 77; Sedgwick on Damages, sec. 236). Payments made in the reasonable endeavor to discover evidence of adverse possession may stand upon another basis (*Den Norske Am. Actiesselskabet* v. *Sun Printing & Pub. Assn.*, 226 N. Y. 1; *Jones* v. *Morgan*, 90 N. Y. 4, 11, 12). But we have said enough to show that there is some evidence of damage. Beyond that we need not go. The extent of the recovery is not important at this time. If the plaintiffs made out a right to *anything*, the Appellate Division did not err in granting a new trial. Upon the inquest that will follow, the defendant's stipulation for judgment absolute may charge him with heavier damages than he would otherwise have to bear. That risk, however, was assumed when the stipulation was given.

The order should be affirmed, and judgment absolute directed in favor of the plaintiffs upon the stipulation, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, POUND, CRANE and ANDREWS, JJ., concur.

Order affirmed, etc.