SAMUEL GOLDBERG and Others, Appellants, *v.* CHARLES A. McCORD and Another, Respondents.

Second Department, June 28, 1928.

*Joseph B. Mitchell*, for the appellants.

*LeRoy G. Edwards* [*Harry W. Moore* and *Wilmot Y. Hallock* with him on the brief], for the respondents.

CARSWELL, J. On December 17, 1925, defendants made a written contract to sell to plaintiffs certain real property in Westbury, L. I., for $40,000. The down payment required was $4,000, which plaintiffs paid upon signing the contract. On the adjourned closing day defendants tendered a deed to plaintiffs which they rejected upon the ground that the title was unmarketable. Plaintiffs offered to comply with the contract requirements as to them if a marketable title were proffered to them. The alleged defect in defendants' title was claimed to grow out of certain facts brought to plaintiffs' attention. These facts cast a substantial doubt upon the validity of a deed of William Taylor on May 31, 1906, purporting to convey his undivided interest in the property in question to a predecessor in title of the defendants.

Plaintiffs brought this action to recover their down payment, their title search expenses and alleged damages or loss of profits on a resale of the property. The defendants counterclaimed for specific performance and have had judgment therefor. The judgment should be reversed, and judgment directed for plaintiffs for $4,500 to cover the $4,000 down payment and $500 title examination expenses. The alleged damages or loss of profits may not be had. The contract of resale which plaintiffs made required something other than a merely marketable title which defendants contracted to convey to plaintiffs.

The title tendered to plaintiffs was not marketable (*Trimboli* v.

*Kinkel,* 226 N. Y. 147, 152), since a prudent man, knowing the facts, would hesitate to take it. Here plaintiffs, in the course of the search of the title, were apprised of facts which would subject them to the hazard of an adverse decision thereon, and which would affect the validity of the Taylor conveyance of May 31, 1906. That deed is at least voidable, and its validity is dependent upon whether the testimony of one set of witnesses in an incompetency inquisition in 1924, who assert incompetency of Taylor prior to 1906, be accepted, or whether the testimony of another set of witnesses who testified on this trial, and whose testimony it is claimed establishes Taylor's competency as of 1906, be accepted. Plaintiffs are not required to purchase a lawsuit where the question of Taylor's competency, based upon the foregoing sets of testimony, might be so decided as to invalidate Taylor's deed of May 31, 1906. If Taylor was incompetent on May 31, 1906, and such a determination were had, the Statute of Limitations would not begin to run against him (Civ. Prac. Act, § 43) until the appointment of his committee on September 4, 1924. The testimony tending to sustain his competency as of 1906 was given in this action. Neither Taylor nor his committee was, however, a party. The testimony indicating his incompetency, not only as of 1924 but also as of prior to 1906, was given in the incompetency inquisition, which needlessly went back more than a period of two years prior to the inquisition. The alleged facts showing incompetency as of the period prior thereto, down to and including 1906, became a matter of public record and came to the notice of plaintiffs while prudently examining with respect to the validity of the title. The knowledge of which they thus became possessed they may not prudently ignore, and they are entitled to act upon it by way of rejecting the title. (*Brokaw* v. *Duffy,* 165 N. Y. 391, 400.)

The record in the incompetency proceeding was improperly admitted to establish in this action that Taylor was incompetent on May 31, 1906 (*Boschen* v. *Stockwell,* 224 N. Y. 356), but it was competent so far as the record therein revealed to plaintiffs the availability of testimony from witnesses showing Taylor's incompetency as of and prior to May 31, 1906. It was properly received to show the nature and character of the information of which plaintiffs had become possessed in good faith and of which they had acquired actual notice which they could not safely ignore. (*Brokaw* v. *Duffy, supra.*)

The judgment requiring specific performance by plaintiffs should be reversed upon the law and the facts, with costs, and judgment directed for plaintiffs for $4,500, with interest and costs. Findings of fact and conclusions of law inconsistent with this decision

should be reversed and new findings will be made in accordance herewith.

LAZANSKY, P. J., KAPPER and SCUDDER, JJ., concur; HAGARTY, J., dissents and reads for affirmance.

HAGARTY, J. (dissenting). I dissent. I cannot believe that titles to real property are so precariously held. I am of opinion that the doctrine enunciated in Brokaw v. Duffy (165 N. Y. 391) will not be extended beyond those facts. The objection there was based upon the allegations contained in a petition in lunacy proceedings that defendant's grantor, Bernard McKenna, was not only insane at the time of the conveyance to Ellen Duffy, but that he was "wholly under her influence and control." In the present case it is undisputed that William Taylor, the original grantor, together with two other persons, deeded the premises in question on the 31st day of May, 1906, for an adequate consideration, to one Frank Powers and Thomas J. McCord, and that thereafter Thomas J. McCord conveyed his interest to defendant Charles A. McCord, and thereafter Frank Powers divested his interest in the property to defendant Nassau County Trust Company. Since the conveyance by Taylor in 1906, it appears from the record that he has conveyed a large amount of property in and about Westbury, none of which conveyances has ever been questioned. In so far as the record before us discloses, Frank Powers and Thomas J. McCord were bona fide purchasers. The following is quoted from the opinion written in Brokaw v. Duffy (supra), beginning at the bottom of page 400: "We are not called upon to determine whether the defendant could convey a marketable title to a bona fide purchaser who had no notice of the alleged insanity of her grantor, but whether she could convey a title which was marketable as to the plaintiff while he possessed the knowledge acquired by his investigation. In determining that question, the inquiry is not whether the defendant's grantor was or probably was insane, but whether the plaintiff received such notice of the probable invalidity of the defendant's title as to justify him in rejecting it as unmarketable, because he might be required to defend it upon the ground that her grantor was insane. While it may be that the lunacy proceedings which came to the plaintiff's knowledge and were admitted in evidence upon the trial were insufficient to establish the invalidity of the defendant's title, they were at least sufficient notice to the plaintiff to put a reasonably prudent man upon inquiry as to its validity. They constituted notice that the defendant's title was questioned and in doubt, and that there was existing proof which would justify the conclusion that it was invalid as

against him. This notice could not be safely disregarded by a purchaser, as it directly involved the validity of the title. Under these circumstances, the defendant was bound to show by proof, which would be satisfactory to a reasonable person, that her title was unimpaired by the alleged defects of which the plaintiff had notice, and when she omitted and neglected to make any explanation the plaintiff was not required to accept the proffered title, but might recover the money paid upon the contract."

Since the good faith of Taylor's original grantees is not questioned, they received a marketable title, good and marketable in the hands of their grantees, the defendants in this action.

I vote to affirm the judgment.

Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiffs for $4,500, with interest and costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in accordance herewith. Settle order on notice.