UPHAM and another, Trustees, Respondents, vs. PLANKINTON and another, by guardian *ad litem,* imp., Appellants.

*October 26—November 13, 1917.*

*Wills: Trust, with power to sell vacant and unoccupied lands: Equity: Power to order sale of other land.*

1. A will devising property in trust, with power to sell "any and all real estate which shall be vacant and not occupied with buildings at the time of my death," did not authorize the sale of land upon which stood the testator's residence and a large barn and which continued after his death to be occupied by his widow.
2. But a court of equity had power to order a sale of said land after it had ceased to be occupied and had become unproductive and subject to waste and dilapidation, where the interests of the beneficiaries of the trust would be substantially promoted by such sale.
3. So far as the power of the court to order such a sale is concerned, sec. 2100a, Stats., is merely declaratory of the common law.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Construction of will. Sale of real estate by trustees. Briefly the findings of the court are as follows:

1. That John Plankinton died testate on March 29, 1891, leaving surviving him his widow, Annie B. Plankinton, who died October 19, 1900, his son William Plankinton, who

died October 29, 1905, and his daughter Elizabeth A. Plankinton, still living, sixty-three years of age, unmarried and without issue.

2. That his last will was admitted to probate on the 2d day of June, 1891; that the executrix and executor therein named qualified and the estate was duly administered and on the 10th day of February, 1893, a final decree was made and entered in the county court in the matter of the settlement of said estate, and Annie B. Plankinton continued to act as trustee to the time of her death, and thereafter William Plankinton acted as such trustee until his death.

3. That William Plankinton left as his sole and only heir surviving the defendant William Woods Plankinton; that the defendant Alexandra Stuart Plankinton is his wife; that they have two children: *William Woods Plankinton, Jr.,* aged ten, and *Elizabeth Stuart Plankinton,* aged six; that the appellants were duly appointed as trustees under the will of John Plankinton.

5. That the defendant Plankinton Company is a Wisconsin corporation, and William Woods Plankinton is the owner of all of its capital stock except three qualifying shares.

6. That the defendants the Institution of Protestant Deaconesses of Allegheny County, Pennsylvania, and the Milwaukee Hospital Auxiliary are the corporations referred to in the will of John Plankinton as the Passavant Hospital.

7. That the said testator by his will, among other things, provided as follows: That Annie B. Plankington should have a life estate in the homestead, being a part of block 255 in Rogers' subdivision in the city of Milwaukee.

(For remainder of will material here, see 152 Wis. pages 296, 297, 298, 299, 300.)

8. That the location, boundary, and area of the various interests in block 255 are as shown in plaintiffs' Exhibit 1, on page 273.

9. That the rectangular northeast corner of said block, being 186.5 feet on Grand avenue and about 510.6 feet on

Fifteenth street, is the property designated by John Plankinton in his will as his homestead and devised to his wife; that upon said corner so designated as his homestead is located the residence occupied by John Plankinton at the time of his death and an old barn that was used by him up to the time of his death; that the balance of said block, being 313 feet on Clybourn street and approximately 323.95 feet on Fifteenth and Sixteenth streets, was vacant and unoccupied at the time of the death of John Plankinton and is now vacant; that the property designated by John Plankinton as his homestead was occupied by the widow until her death and thereafter by William Plankinton, son of the testator, and his family until his death and until some time in the year 1906, since which time it has been vacant and unoccupied excepting as used by a caretaker.

10. That the area of the designated homestead was approximately 100,000 square feet; the area occupied by the residence 9,000 square feet, and that occupied by the barn 5,000 square feet.

"11. That during the lifetime of John Plankinton and for a few years thereafter, the neighborhood of said residence was a popular residence section of the city of Milwaukee and occupied by large and expensive residences; that due to the growth of the city and change of conditions said neighborhood is no longer considered suitable or desirable for large private residences of the size and character of testator's homestead; that said neighborhood has come to have a large number of flats, apartment and rooming houses, and property in said neighborhood is beginning to be used for business purposes; that said residence cannot be rented for private residence purposes, nor can the same be remodeled and rebuilt to advantage for use for flat or apartment house purposes or for any other purposes; that said trust estate is heavily indebted and not in a financial condition to permanently improve said property, and it would not be for the best interests of said trust estate to undertake to permanently improve the same.

"12. That all that part of said block belonging to said trustees is entirely unproductive; that they are and have been unable to rent the same; that the improvements on said premises have greatly depreciated in value and are exposed to waste and dilapidation; that the average annual expense during the past six years to the trustees of that portion of said block belonging to them is $4,129.67 for taxes, insurance, repairs, and caring for said property; that said portion of said block belonging to the trustees will not increase in value to an amount equal to the cost of carrying the same over what it can now be sold for; that the interests of the beneficial owners of the said real estate, or interests therein, will be substantially promoted by a sale of said real estate because the same is exposed to waste and dilapidation and is unproductive.

"13. I further find that the testator did not intend by his will to restrict or forbid the sale of any of his real prop-. erty when and in the event the interests of the beneficial owners of such real estate, or interest therein, would be substantially promoted by a sale thereof because the same is exposed to waste or dilapidation, or is unproductive, or for other peculiar reasons or circumstances."

Upon such findings the court made the following conclusions of law:

"That because the interests of the beneficial owners of all that portion of said block 255 above described belonging to the trust estate will be substantially promoted by a sale thereof because the same is exposed to waste and dilapidation and is unproductive, a sale thereof should be ordered and directed by the court in the execution of the trust under the will of said deceased.

"2. That the plaintiff trustees and their successors in trust should be authorized, empowered, and directed to sell and convey all said premises for such price and upon such terms as may be approved by order of this court to be made and entered at the foot of the judgment herein, and that the proceeds of such sale be impressed with the trust under the will of said John Plankinton, deceased, and be administered by the trustees thereof as the equivalent of the aforesaid real estate.

"3. That this court has jurisdiction in this action to authorize or require a sale of said real estate as aforesaid in the execution of the trust under said will."

Judgment was entered accordingly, and from the judgment so entered the guardian *ad litem*, representing *William Woods Plankinton, Jr.*, and *Elizabeth Stuart Plankinton*, and any persons unborn who might have any interest in said premises, appeals.

For the appellants the cause was submitted on the brief of *Willet M. Spooner*, guardian *ad litem*, of Milwaukee.

For the respondents there was a brief by *Upham, Black, Russell & Richardson* and *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *Geo. P. Miller*.

ROSENBERRY, J.    It is contended first that under the terms of the will no power is granted to the original trustees to convey any real estate except such as was vacant and not occupied with buildings at the time of the death of the testator and that no such power can be extended to their successors in trust.    We think it clear that the premises in question were not vacant and unoccupied property within the meaning of that clause of the will of John Plankinton which authorized the sale of "any and all real estate hereby devised to them [the trustees] which shall be vacant and not occupied with buildings at the time of my death," etc.    It is equally clear that the will does not in express terms confer upon the trustees any power of sale of lands not vacant and unoccupied. However, this case is ruled adversely to the contention of appellants by *Ruggles v. Tyson*, 104 Wis. 500, 509, 81 N. W. 367, and *Upham v. Plankinton*, 152 Wis. 275, 140 N. W. 5. While the will vests in the trustees no power of sale, the power of a court of equity to order a sale by the trustees under the circumstances established by the findings in this case is unquestioned.    It is not in disregard of the expressed will of the testator that such sale is ordered, but it is for the ex-

press purpose of carrying out and effectuating the intent expressed by the testator, by preserving the estate for the uses for which the testator intended it. To permit the property to be lost or consumed so as to deprive those entitled to the beneficial interest therein of their interest is surely not carrying out the will of the testator. But when the court, as in this case, orders a sale for the preservation of the trust estate and impresses the proceeds of the sale with the trust created by the will, the testator's intent is carried out and the interests of the beneficiaries are substantially promoted. So far as the power of the court to order the sale is concerned, sec. 2100a, Stats., is merely declaratory of the common law, and it also prescribes the procedure in cases coming within its terms.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.