Estate of Gray: Conlan, guardian *ad litem*, Appellant, vs. Randall and others, Respondents.

*May 11—June 18, 1928.*

*Lawrence Conlan* of Milwaukee, guardian *ad litem* for Stuart Gray Randall, minor beneficiary.

*Edgar L. Wood* of Milwaukee, for the respondents.

ESCHWEILER, J. The guardian *ad litem* of the minor grandson of deceased properly presented to the court below and by appeal here, the question whether, under a proper construction of the terms of the will, the trustees of the estate had the authority, or could be empowered by order of the county court, to execute a ninety-nine-year lease of real estate which, under the terms of the will, they had the express power to sell.

The property was a lot on the north side of Wisconsin, formerly Grand avenue, near Thirteenth street, in Milwaukee. In 1920 it was appraised at $12,000. It has been rented in recent years and brings a net income of about $1,400 per annum, but the building thereon is old and needing constant repair. The market price of real estate in that vicinity has gone up rapidly and its present selling value is $60,000. The proposed lease provides for the erection of a building at a cost of not less than $100,000 within ten years, and for a net rental to the trustees of $3,500 per annum for the first five years, $4,000 for the second five, $4,500 for the then succeeding fifteen years, $6,000 for the succeeding twenty-five years, and $7,500 per annum for the last forty-nine years.

The material portions of the will are, in substance, as follows:

First, all real and personal estate is given to the three trustees named in trust, as therein prescribed, and to have and to hold the same during the lifetime of the daughter and until the grandson is thirty years of age.

Second, that the trustees "shall manage and control all of my estate during the period of such trust;" paying over to the daughter during her lifetime all of the net income and, if necessary, portions of the principal of the estate; the

grandson to receive all the remainder on attaining thirty years of age.

Third, it also provided, "I authorize and empower my executors and trustees at any time, to sell and convey any part of my estate, either real or personal" (excepting certain stock to the sale of which a condition was attached, but not material here).

It is urged that inasmuch as the will was executed at a time when such long-term leases were coming quite frequently into use, and the will being silent as to any express grant of such a power to the trustees, the court must assume that the testator intended that there should be no such authority, either under the express grant of power to sell, or under the other provisions giving the trustees the power to manage and control during the life of the trust, which, in any event, would have to end long before the ninety-nine-year period.

It was freely conceded that such ninety-nine-year lease is more advantageous for all concerned or interested in the estate than a present sale for $60,000, subject as such sale price would be to. a substantial diminishing to meet the necessary and consequent federal and state taxes.

A situation quite similar in the main to the proposition here presented was before this court in the case of *Upham v. Plankinton*, 152 Wis. 275, 140 N. W. 5, and there, under a will giving the entire control, management, and charge of certain real estate to a trustee, but with no authority to sell, it was expressly held (p. 292) that such trustee might, with the approval of a court having jurisdiction thereof, execute leases extending beyond the life of the trust and even for ninety-nine years as here.

The subject is very fully discussed in that case, and we deem the powers granted the trustees in the instant case more liberal and far reaching than those in the *Plankinton Case, supra.* The decision of the court below can very properly be based, as it was expressly declared to be, upon

the holding in that *Plankinton Case.* The same case is cited with evident recognition of its being a proper declaration of the law that trustees with but a limited period to serve may, under proper conditions, nevertheless execute a lease which by its terms exceeds the trust period. *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 254, 179 N. W. 2. The broadening effect that a court of equity may give to the letter of such a trust in order that the spirit thereof may be preserved and carried out is again illustrated in *Upham v. Plankinton,* 166 Wis. 271, 165 N. W. 18.

While it might be properly urged that an express power to sell given in such a trust does not permit the exchange of the real property included in the trust for other real estate, as declared in *Trimboli v. Kinkel,* 226 N. Y. 147, 149, 123 N. E. 205, 5 A. L. R. 1385; 21 Ruling Case Law, 780; 31 Cyc. 1079, and spoken of though not there deemed necessary to decide in *King v. Whiton,* 15 Wis. 684, 687, yet in this case the trustees were not confined in their power to the one provision of the will expressly giving them the power to sell, but were also clothed with a wide power and discretion to control and manage the property during the period of the trust. We are bound to look at the will as a whole in determining what powers the testator intended to confer on the trustee. *Lueft v. Lueft,* 129 Wis. 534, 542, 109 N. W. 652. And therefore, considering the entire grant of power made by the testator, we cannot hold that the concededly advantageous ninety-nine-year lease proposed to be entered into by the trustees was unlawful or beyond their power. The express restrictions on the power of the trustees found in the will construed in the case of *Will of Pattison,* 190 Wis. 289, 300, 207 N. W. 292, so distinguish that case from the one we have here that they do not conflict.

*By the Court.*—Order affirmed.